UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **CLEARESULT CONSULTING INC.**, a Texas corporation,<br><br>    Plaintiff,<br><br>v.<br><br>**SOLO ENERGY & ELECTRICAL, INC.**, a New York corporation,<br><br>    Defendant. | Case No. 1:20-cv-1025 |

**COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND**

Plaintiff CLEAResult Consulting Inc. ("**CLEAResult**" or "**Plaintiff**") files its original complaint against Defendant Solo Energy & Electrical, Inc. ("**Solo**" or "**Defendant**") and alleges the following:

## INTRODUCTION

1. CLEAResult brings this action for a declaratory judgment that will clarify and resolve certain disputes between it and Solo regarding agreements between them.

2. Solo has contended that CLEAResult has breached their agreements, and has indicated that it is likely to bring suit against CLEAResult in New York state court in contravention of the parties' contractual choice of forum, which requires such disputes to be litigated in courts situated in Travis County, Texas.

3. CLEAResult disagrees with Solo's contentions, so there is an actual, justiciable controversy between the parties, and CLEAResult brings this action to have that controversy decided in accordance with the parties' choice of forum.

///

**PARTIES**

4. CLEAResult is a corporation organized under the laws of the State of Texas, with its principal place of business at 4301 Westbank Dr., Building A #250, Austin, Texas 78746. It is therefore a citizen of Texas. CLEAResult is one of the largest energy efficiency consulting companies in North America, and has more than 30 years of experience designing, marketing and implementing energy efficiency programs for communities, utilities, businesses, and residential energy customers.

5. Solo is a corporation organized under the laws of the State of New York, with its principal place of business at 41 Dumont Ave, Staten Island, New York 10305. It is therefore a citizen of New York.

**JURISDICTION AND VENUE**

6. The Court has subject matter jurisdiction because complete diversity of the parties exists and the amount in controversy requirement has been met. *See* 28 U.S.C. § 1332. Solo has demanded in excess of $75,000 from CLEAResult.

7. This Court has personal jurisdiction over Solo, and venue is appropriate in this forum, because this dispute concerns the parties' obligations under the Program Promotion Agreement ("**Promotion Agreement**")—described in more detail below—in which Solo agreed that it "irrevocably consent[s] to the exclusive jurisdiction of the state and federal courts located in Travis County, Texas, in connection with all actions arising out of or in connection with this Agreement, and waives any objections that venue is an inconvenient forum."[1] In addition, a substantial part of the events or omissions giving rise to the claim occurred in this district and division. *See* 28 U.S.C. § 1391(b)(2).

---

[1] *See* Promotion Agreement, **attached hereto as Exhibit 1**, § 12(e).

8.      It is also appropriate for this court to exercise personal jurisdiction over Solo because Solo entered into an ongoing contractual relationship with a resident of this forum (CLEAResult) knowing that the repercussions of any disputes related to that relationship would be felt in this forum.

FACTUAL ALLEGATIONS

A.      **CLEAResult and Solo entered into the Promotion Agreement.**

9.      In November 2019, CLEAResult and Solo entered into the Promotion Agreement. Under the Promotion Agreement, the parties agreed to "engage one another to promote the sale of energy efficient products" through energy efficiency programs ("**Program**" or "**Programs**") sponsored by Consolidated Edison ("**Con Edison**").[2] The Promotion Agreement referenced and incorporated, among other things, a Distributor Handbook ("**Handbook**").

10.     Among other things, the Promotion Agreement required Solo to submit invoices and detailed sales data reports to CLEAResult, and to review and abide by all Program rules as described in the Handbook.[3] Importantly, Solo was required to install the products it sold within 30 days of their sale, which is defined as the date the end-user customer takes possession of the lamps. While the Handbook contemplated that exceptions to that timing could be sometimes made, distributors were obligated to submit "exception request forms" ("**ERFs**") to obtain permission to install lighting past the 30-day deadline. However, the Handbook made it clear that Program would only make exceptions "in some circumstances," such as back-ordered products, shipping or delivery delays, and so forth.

11.     CLEAResult was not obligated to pay Solo until 45 days passed from the approval

---

[2] *See* Promotion Agreement at § 1. Con Edison is referred to in the Promotion Agreement as "**Sponsor**." *See id.* Solo is referred to in the Promotion Agreement as "**Distributor**."
[3] *See* Promotion Agreement at § 4.

of a given invoice, and only then if certain conditions were met. Among other conditions, Solo was required to attach corresponding and accurate sales data reports to its invoices, to be in compliance with all requirements of the Promotion Agreement (and by incorporation, the Handbook), and to sell the applicable products per certain schedules and budgets. Further, CLEAResult was not obligated to pay Solo's invoices unless it had first received payment from Con Edison.[4]

12.     The Promotion Agreement also contains a choice of Texas law: "This Agreement will be interpreted under, and any disputes arising out of this Agreement will be governed by, the laws of the State of Texas, without reference to its conflicts of law principles."[5]

13.     The Promotion Agreement also contains Solo's irrevocable consent to jurisdiction, and waiver of any objection to venue in the "state and federal courts located in . . . Travis County, Texas."[6]

14.     Further, the Promotion Agreement contains an attorney's fees provision, stating: "In the event an action is brought to enforce any provision of or declare a breach of this Agreement, the prevailing Party will be entitled to recover, in addition to any other amounts awarded, reasonable legal costs including attorney's fees incurred."[7]

///

///

///

///

**B.     Solo failed to install lighting within the 30-day window required by the**

---

[4] *See* Promotion Agreement at § 5.
[5] Promotion Agreement at § 12(e).
[6] Promotion Agreement at § 12(e).
[7] Promotion Agreement at § 12(a).

**Promotion Agreement.**

15. CLEAResult maintained a website to track and manage sales distributors made under the Program, and set a January 10, 2020 deadline for distributors to upload their 2019 sales to that website.

16. Solo failed to install the relevant lighting within 30 days of its alleged sales and thus submitted ERFs seeking permission to install lighting past the 30-day deadline. CLEAResult and Con Edison did not approve Solo's invoices, which were around $7.2 million in the aggregate, for payment.

**C.  Solo asserts CLEAResult has breached the Promotion Agreement and Handbook by refusing to pay Solo's improper invoices.**

17. Solo contends CLEAResult violated the Promotion Agreement by not approving the ERFs and not paying the $7.2 million in invoices Solo submitted to CLEAResult. Solo has also threatened to file claims against CLEAResult in New York state court, in violation of the Promotion Agreement's forum, venue, jurisdiction, and governing law provisions.

**FIRST CLAIM FOR RELIEF (DECLARATORY JUDGMENT)**

18. CLEAResult repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

19. A genuine dispute exists between the parties pertaining to the Promotion Agreement, including whether CLEAResult is in breach of the Promotion Agreement by refusing to pay Solo for lighting installations that did not comply with the Promotion Agreement and Handbook.

20. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and in the alternative, Chapter 37 of the Texas Civil Practice and Remedies Code, CLEAResult seeks the following declarations:

  a. The Promotion Agreement, including the terms in the Promotion Handbook, is a valid and enforceable contract; and

  b. CLEAResult is not in breach of the Promotion Agreement by refusing to pay Solo for lighting installations that did not comply with the Promotion Agreement and Handbook.

**SECOND CLAIM FOR RELIEF (ATTORNEY'S FEES)**

21. CLEAResult repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

22. The Promotion Agreement contains an attorney's fees provision, stating: "In the event an action is brought to enforce any provision of or declare a breach of this Agreement, the prevailing Party will be entitled to recover, in addition to any other amounts awarded, reasonable legal costs including attorney's fees incurred."[8]

23. CLEAResult has been required to retain the undersigned attorneys to file and litigate this lawsuit.

24. CLEAResult should substantially prevail on its argument that it is not in breach of the Promotion Agreement, and accordingly, pursuant to § 12(a) of the Promotion Agreement as well as Section 37.009 of the Texas Civil Practice and Remedies Code, CLEAResult is entitled to recover, and requests that it be awarded, its reasonable legal costs, including all attorney's fees and expenses incurred.

**DEMAND FOR JURY TRIAL**

25. CLEAResult demands a jury trial on all the issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, CLEAResult respectfully requests the following:

(1) A declaratory judgment confirming:

---

[8] Promotion Agreement at § 12(a).

6

    a.   the Promotion Agreement and Handbook constitute a valid and enforceable contract; and

    b.   CLEAResult is not in breach of the Promotion Agreement by refusing to pay Solo for lighting installations that did not comply with the Promotion Agreement and Handbook.

(2)  Judgment in its favor;

(3)  An award of its reasonable litigation expenses, including attorney's fees, pursuant to the Promotion Agreement and applicable law;

(4)  An award of costs, prejudgment interest and post-judgment interest as allowed by law; and

(5)  Such other and further relief that the Court deems just and proper.

Dated:  October 7, 2020                             Respectfully submitted,

                                                                 HOLLAND & KNIGHT LLP

*/s/ Nicholas A. Sarokhanian*
Nicholas A. Sarokhanian
Texas State Bar No. 24075020
nicholas.sarokhanian@hklaw.com
200 Crescent Court, Suite 1600
Dallas, Texas 75201
Telephone:   (214) 964-9500
Facsimile:    (214) 964-9501

*Of counsel:*

J. Matthew Donohue*
Email: matt.donohue@hklaw.com
Shannon Armstrong*
Email: shannon.armstrong@hklaw.com
Kristin Asai*
Email: kristin.asai@hklaw.com
601 SW Second Avenue, Suite 1800
Portland, OR  97204
Telephone:  503.243.2300
Fax:  503.241.8014

**Pro hac vice application forthcoming*

**ATTORNEYS FOR PLAINTIFF
CLEARESULT CONSULTING INC.**